```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA

LONNIE GLEN HODGES,              )
                                 )
                Plaintiff,       )
                                 )
                                 )  Case No. CIV-18-237-RAW-KEW
                                 )
COMMISSIONER OF THE SOCIAL       )
SECURITY ADMINISTRATION,         )
                                 )
                Defendant.       )
```

**REPORT AND RECOMMENDATION**

Plaintiff Lonnie G. Hodges (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 40 years old at the time of the ALJ's latest decision. He has a limited education and worked in the past as a construction worker I, forklift operator, and garbage man. Claimant alleges an inability to work beginning on May 5, 2011, due to limitations resulting from type I diabetes mellitus with peripheral neuropathy, multiple femur fractures with rod placement, depression, restless leg syndrome, osteoarthritis, seizure disorder related to diabetes, and anxiety disorder.

### Procedural History

On November 27, 2012, Claimant protectively filed for a period of disability and disability insurance benefits under Title II (42

U.S.C. § 401, *et seq.*) of the Social Security Act and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 10, 2015, an Administrative Law Judge("ALJ") entered an unfavorable decision. Claimant appealed the matter, and the case was remanded by this Court on March 14, 2017. However, on March 28, 2016, Claimant filed another application for benefits. In an order remanding the case to an administrative law judge, the Appeals Counsel consolidated the claims for an ALJ to issue a new decision addressing all claims. (Tr. 1013-14).

ALJ Luke Liter conducted a video hearing in Tulsa, Oklahoma, on May 3, 2018, and Claimant appeared from Poteau, Oklahoma. On May 25, 2018, the ALJ entered an unfavorable decision. The decision of the ALJ represents the Commissioner's final decision for purposes of further review. 20 C.F.R. §§ 404.984, 416.1484.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work, with limitations.

4

**Errors Alleged for Review**

Claimant asserts the ALJ committed error (1) by failing to properly consider his mental impairments at steps two and four, and (2) by failing to properly consider Claimant's pain and his statements concerning the intensity, persistence, and limiting effects of his symptoms.

**Step Two and Four Analysis**

In his decision, the ALJ found Claimant suffered from severe impairments of status post remote bilateral extremity fractures and surgeries, diabetes mellitus, and diabetic peripheral neuropathy. (Tr. 904). He determined Claimant can perform light work with additional limitations. In so doing, the ALJ found Claimant can lift or carry and push or pull twenty pounds occasionally and ten pounds frequently; sit for eight hours out of an eight-hour workday; stand for two hours out of an eight-hour workday; and walk for up to two hours out of an eight-hour workday. Claimant can sit for three hours at a time, stand for one hour at a time, and walk for one hour at a time. He can continuously use his bilateral upper extremities for reaching in all directions (including overhead), handling, feeling, fingering, pushing, and pulling. Claimant can frequently use his bilateral feet to operate foot controls. He can occasionally climb ramps or stairs but should avoid climbing ladders, ropes, or scaffolds. Claimant can occasionally balance, stoop, kneel, crouch, and crawl. He can

tolerate frequent exposure to moving mechanical parts, driving, unprotected heights, humidity and wetness, dust, odors, fumes, pulmonary irritants, extreme heat and cold, and vibrations. Claimant also can tolerate loud (heavy traffic) noise environments. (Tr. 907-08).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant can perform the representative jobs of order clerk, optical goods assembler, and table worker, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 916-17). As a result, the ALJ concluded that Claimant was not under a disability from May 5, 2011, his alleged onset date, through the date of the decision. (Tr. 917).

Claimant contends the ALJ failed to find his major depressive disorder was a severe impairment at step two and then further failed to consider it when determining Claimant's RFC. The burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." *Flaherty v. Astrue*, 515 F.3d 1067, 1070-71 (10th Cir. 2007), quoting *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. Rul. 85-28, 1985 WL 56856. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment which warrants

disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

To the extent Claimant contends his major depressive disorder should have been included as a severe impairment at step two, where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of a claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *Brescia v. Astrue*, 287 Fed. Appx. 626, 628-629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as an ALJ, in determining a claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" *Id.*, quoting *Hill v. Astrue*, 289 Fed. Appx. 289, 291-292 (10th Cir. 2008).

In this case, the ALJ did not end the sequential evaluation at step two by finding Claimant had no severe impairments. Since the ALJ did not deny benefits at step two based upon the lack of any severe impairments, his failure to find Claimant's major depressive disorder was a severe impairment at step two does not constitute reversible error.

However, even though the ALJ determined Claimant's major depressive disorder was not a severe impairment at step two, he was required to consider it at step four when determining Claimant's RFC. *See* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); *see also Hill*, 289 Fed. Appx. at 291-92. The ALJ's discussion of the evidence in support of his RFC determination primarily focuses on Claimant's physical limitations and is largely devoid of any discussion of Claimant's mental limitations. The ALJ primarily relies on his prior discussion of the evidence at step two, wherein he discussed the four specific functional areas for evaluating mental impairments and referenced the psychological examination findings of Beth Jeffries, Ph.D., a consulting psychologist who examined Claimant on April 6, 2013. He also notes that his discussion of the "paragraph B" criteria at step two does not constitute an RFC, as the RFC requires a more detailed assessment. He then states that the RFC set forth in the decision "reflects the degree of limitation [he] has found in the 'paragraph B' mental function analysis." (Tr. 906).

Although the Court has no issue with the ALJ's reliance on his previous discussion of the evidence at step two, his discussion of the evidence regarding Claimant's mental impairments and the opinion evidence is incomplete. The ALJ failed to fully discuss the findings and opinion of Dr. Jeffries. At step two, the ALJ referenced Dr. Jeffries' diagnosis of Claimant's major depression (recurrent, moderate), and then with no discussion, he assigned "little weight" to her medical opinion, stating only that Claimant's "mental impairments are non-severe, as discussed above[.]" (Tr. 906).

At neither step two nor step four did the ALJ mention Dr. Jeffries' concern that Claimant suffered from posttraumatic stress disorder, which needed to be ruled out with further testing, or the prior traumatic brain injuries (several concussions) suffered by Claimant. Dr. Jeffries suspected Claimant's concussions affected his cognitive reasoning and recommended he undergo neuropsychological testing. She determined that regardless of etiology, it was clear Claimant had "deficit dysfunction." Dr. Jeffries stated:

> I think [Claimant] would find it really possible [sic] function over an eight hour work day or a 40 hour workweek. I do not believe that he would be capable of consistently managing pace or flexibility. I think socializing appropriately would be a difficult task to maintain consistently as there is debility in behavior ability. You can maybe understand simple but would have increasing difficulty understanding complex instruction. I think he would have increasing difficulty

> understanding or implementing instruction requir[ing] any type of organizational type of skills. I do not believe he would be a good candidate for a[n] adult vocational rehabilitation.

(Tr. 638-39).

"[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996), citing *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). It was error for the ALJ to not fully discuss Dr. Jeffries' opinion. On remand, the ALJ should discuss Dr. Jeffries' opinion and give specific reasons if he chooses to reject it.

Moreover, in the RFC analysis, the ALJ specifically addressed the 2016 opinions of the reviewing state agency psychologists who determined Claimant's mental impairments were not severe. He assigned their opinions "substantial" weight. (Tr. 914, 1022-24, 1032-34). However, the ALJ fails to even mention the opinions

of the reviewing state agency psychologists from April and August of 2013, wherein they determined Claimant's mental impairments were severe and assessed Claimant with limitations stemming from his mental impairments. Specifically, they determined Claimant could understand, remember, and carry out simple tasks under routine supervision and relate superficially to co-workers and supervisors for work purposes. Claimant could not tolerate active involvement with the general public. (Tr. 146-48, 174-76).

Nowhere in the decision does the ALJ discuss the 2013 opinions from the state agency psychologists. Social Security Ruling 96-6p states that the ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists." 1996 WL 374180, at *4. Although not bound by a state agency psychologist's determination, an ALJ cannot ignore it and must explain the weight given to the opinion in his decision. *Id.; see also Shubargo v. Barnhart*, 161 Fed. Appx. 748, 754 (10th Cir. 2005) ("[T]he agency requires ALJs to weigh all medical source opinion evidence and explain their decision why they rely on a particular non-examining agency expert's opinion when opinions are conflicting[.]"). On remand, the ALJ should consider these opinions and explain the weight assigned to them.

Because the ALJ failed to properly analyze the opinions of Dr. Jeffries and the 2013 opinions from the state agency

psychologists, the case is remanded to the ALJ for further analysis and determination of Claimant's RFC. On remand, the ALJ also should consider whether neuropsychological testing of Claimant, as recommended by Dr. Jeffries, is appropriate.

### Evaluation of Pain and Other Symptoms

Claimant also contends the ALJ improperly considered his complaints of pain, specifically that his statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent. Claimant argues that the record clearly shows that his subjective complaints, both physical and mental, have been "consistent" over the years.

Because the evaluation of Claimant's pain and other symptoms is tied closely to the RFC determination, after properly considering the opinions of Dr. Jeffries and the state agency psychologists, the ALJ should reconsider his assessment of Claimant's subjective complaints of pain and statements of other symptoms on remand. *See Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) ("Since the purpose of the [symptom] evaluation is to help the ALJ access a claimant's RFC, the ALJ's [symptom evaluation] and RFC determinations are inherently intertwined.").

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above

12

and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be REVERSED and the case REMANDED for further proceedings.  The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

     DATED this 10th day of December, 2019.

                                           KIMBERLY E. WEST
                                           UNITED STATES MAGISTRATE JUDGE